Estate of George F. Price, Madonna D. Price, Executrix v. Commissioner.
Estate of Price v. Commissioner
Docket No. 94534.
United States Tax Court
T.C. Memo 1963-181; 1963 Tax Ct. Memo LEXIS 167; 22 T.C.M. (CCH) 863; T.C.M. (RIA) 63181; June 27, 1963
Sperry Butler, 271 N. Ave., New Rochelle, N. Y., for the petitioner. Michael D. Weinberg, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioner's estate tax in the amount of $10,213.52. The issue is whether the value of trust assets should be included in decedent's gross estate. All of the facts have been stipulated and they are found accordingly. George F. Price, decedent herein, died December 17, 1957, and his estate is being probated in the Surrogate's Court of Nassau County, New York. His widow, Madonna D. Price, is the duly *168 appointed and qualified executrix of his estate. She filed a Federal estate tax return on March 8, 1959, with the district director of internal revenue at Brooklyn, New York. On December 1, 1930, decedent executed a trust instrument whereby he transferred certain property described in a schedule attached thereto (cash and proceeds of life insurance policies) to the City Bank Farmers Trust Company of New York City, as trustee. The trust instrument provided, in part, that income after payment of life insurance premiums was payable to decedent for life and thereafter to his wife Madonna for her life and thereafter to his children in equal shares. There were other payment provisions in the event of various contingencies. The instrument provided decedent could exercise all rights, options and privileges contained in the insurance policies; the power to direct the management of the trust property; and the right to amend or revoke the trust and change any beneficial interest therein. Decedent executed an amendment to the trust on September 28, 1933, broadening the settlor's powers to direct the trustee to pledge trust assets as security for loans. On July 22, 1938 decedent executed an *169 amendment to the trust whereby (1) the life insurance policies themselves, as opposed to the insurance proceeds, were assigned to the trust to be held as part of the corpus; (2) the decedent released his life estate in the income and made said income payable to his wife for her life and thereafter to their children; (3) released the power to exercise rights, options and privileges contained in the life insurance policies; and (4) released the power to manage the trust. In paragraph 10 of this amendment settlor provided, in part, as follows: I reserve the right from time to time, by an instrument in writing * * * to change any beneficial interest, excepting, however, that no change shall be made so as to entitle me to receiver or vest in me any income or principal hereunder * * *. On March 14, 1949 decedent executed another amendment which in effect revoked the prior clauses as to disposal of income to settlor's wife and income and principal to his children and made other provisions for payments out of principal or interest to the wife or children when the wife requested the trustee so to do or the trustee felt the best interests of the children would be served by such payments. *170 Clauses III and IV of this amendment provided, as follows: III. Upon my death to pay the remaining principal and income to my wife, MADONNA DREWEN PRICE. IV. Until my death to pay to my wife, MADONNA DREWEN PRICE, the remaining principal and income and to assign, transfer, convey and make payable to her all policies of insurance held by it any time that my wife shall deliver to the Trustee instrument in writing signed by my wife and acknowledged by her like a conveyance of real property entitled to record in New York State, giving therein notice of termination of this trust, which power and right to terminate this trust I hereby give and grant solely to my wife and declare that the consent of the Trustee or any beneficiary shall not be requisite to the validity or effectiveness of such termination; nor shall this right and power be assignable or transferable by my wife voluntarily or by operation of law or otherwise. * * *
The next to the last clause of this 1949 amendment again sets forth settlor's retained right to change any beneficial interest, exactly as set forth in the quotation from the 1938 amendment. After the execution of this amendment the trust was neither *171 terminated by Madonna nor were the beneficial interests therein changed by decedent. It is stipulated the value of the assets of the trust (on the optional valuation date chosen by petitioner) was $61,099.09, and this value was not included by petitioner in the estate tax return. Respondent's position is that the value of the trust assets is drawn into decedent's estate by virtue of the provisions of sections 2036 and 2038, Internal Revenue Code of 1954. We need only refer to section 2038 which provides, in pertinent part, as follows: The value of the gross estate shall include the value of all property * * * [to] the extent of any interest therein of which the decedent has at any time made a transfer * * * by trust * * * where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power * * * by the decedent alone or by the decedent in conjunction with any other person * * * to alter, amend, revoke, or terminate * * *. The trust shows on its face the settlor retained the power to amend as long as he lived. Petitioner seems to argue that because the 1949 amendment gave the wife the power to take all of the *172 trust assets and terminate the trust, decedent's retained power to amend was of no consequence. It is clear that the various trust instruments starting with the instrument that created the trust in 1930, all reserved the power in the settlor to change the beneficial interests therein. This power was retained until his death. The fact that he exercised the power so as to change his wife's early beneficial interest to one that could, if exercised, end the trust is of no significance. The trust was not ended before his death. The property at the time of his death was in a trust that provided for the enjoyment of the trust property by certain persons upon the happening of certain events but, in the words of the statute, "the enjoyment thereof was subject at the date of death to any change through the exercise of a power * * * by the decedent * * * to * * * amend." That is all that is required under section 2038, supra, to render the value of the trust includable in decedent's gross estate. Petitioner cites no authority that supports its position. The presence of the retained power to amend clause in the trust renders the trust property so clearly includable in the estate under the *173 plain words of the statute that no further comment is necessary. Petitioner's argument on brief amounts to no more than a contention that decedent's retained power to amend the trust should be ignored. This cannot be done. We hold for respondent on the issue presented. Because of uncontested adjustments and possible additional administrative expenses, Decision will be entered under Rule 50.